**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROLAND DICE | ) | Case No. 03-47478 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ROBERT A. PUMMILL | ) | |
| | ) | |
| Trustee | ) | |
| | ) | |
| v. | ) | Adversary No. 04-5013 |
| | ) | |
| ROLAND DICE | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on remand from the United States District Court for the Western District of Missouri for entry of an order that the Chapter 7 trustee ("Trustee") is not presently entitled to collect the rents from Roland Dice's ("Debtor") investment properties after the Trustee had abandoned them. The parties now dispute whether the Trustee is entitled to collect those rents that accrued between the date the Debtor filed his Chapter 7 bankruptcy and the date that the Trustee abandoned the Debtor's investment properties.

The Court held a hearing in this matter on August 31, 2004, in Kansas City, Missouri, at which time the Court took the matter under advisement. After considering the arguments of the parties, the undisputed facts, and the relevant law, the Court is prepared to find that the Trustee is entitled to the post-petition, pre-abandonment rents.

**I. BACKGROUND**

The Debtor owns ten rental properties in Clinton, Missouri, that are subject to a security interest in favor of St. Clair County State Bank ("Bank") in the approximate principal amount of

$238,612.00. Although the Debtor describes himself as a self-employed construction worker, he claims not to make any money at that profession – his sole source of income is about $4,895.00 per month generated by his ten rental properties.

After the Debtor filed his Chapter 7 bankruptcy petition on December 1, 2003, the Trustee requested that the Debtor turn over all rents from his properties because those rents were property of his bankruptcy estate under 11 U.S.C. § 541(a). The Debtor refused, and countered with a motion to enjoin the Trustee from collecting those rents on the basis that the Debtor had equity in the properties, the properties were listed for sale, the rents comprised a majority of the Debtor's income, the Debtor needed a portion of the rents to make necessary repairs, and the Trustee had not sought authorization from the Court to operate the Debtor's business. The Trustee then filed a motion to compel the Debtor to turn over those rents.

Meanwhile, the Bank filed a motion to lift the automatic stay so that it could proceed to foreclose on the Debtor's rental properties, arguing, *inter alia*, that the Debtor was not maintaining insurance on the properties – and was not paying the taxes – or the mortgages. The Trustee also filed a notice of abandonment on the Debtor's rental properties for the stated reasons that the Court had already granted the Bank the right to proceed to foreclose in a previously filed bankruptcy of the Debtor (later dismissed) and because the Trustee did not believe the Debtor had any equity in the properties over the Bank's secured lien. The Debtor objected to the Trustee's proposed abandonment.

On April 2, 2004, the Court granted the Bank relief from the automatic stay to proceed to foreclosure on the Debtor's rental properties, and on April 8, 2004, the Court entered three orders which approved the Trustee's abandonment of the Debtor's rental properties, granted the Trustee's motion to compel turnover of the rents from those properties, and denied the Debtor's motion to enjoin the Trustee from collecting those rents. The Debtor timely appealed the orders of the Court granting the Trustee's motion to compel and denying the Debtor's motion for an injunction, arguing on appeal that once the Trustee abandoned the Debtor's rental properties the Trustee also abandoned any claim of the bankruptcy estate to the rents generated from them – an issue not ruled on by this Court. Before the district court rendered its decision, the Trustee filed an adversary complaint against the Debtor seeking to deny the Debtor's discharge on the grounds that the Debtor had not complied with the order of this Court to turn over the rents from the Debtor's investment properties.

## II. DISCUSSION

The district court ruled that the Trustee did not have any present right to collect rents from the Debtor's rental properties because once this Court entered an order approving the Trustee's notice of abandonment, the bankruptcy estate was divested of all the estate's interest in the properties, including the Trustee's present claim for rents. The district court further stated that this Court "has not had the opportunity to rule that the Trustee is no longer entitled to collect rents from the properties post-abandonment," and remanded the case for that determination. No party disputes the district court's determination that the Trustee does not have any right to collect rents after he abandoned the rental properties back to the Debtor, but the parties do dispute which one is entitled to about $8,000.00 in rents that accrued between the date that the Debtor filed his Chapter 7 petition and the date that the Trustee abandoned the rental properties.

Generally, there are four phases to a claim of ownership in abandonment proceedings. First, it is axiomatic that before filing a bankruptcy petition, debtors are vested with their own property and are entitled to the proceeds therefrom. Second, on filing a petition for bankruptcy, a bankruptcy estate is created, which is a separate entity from the debtor and which is comprised of, *inter alia*, "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The bankruptcy estate specifically includes rents derived from property of the estate, § 541(a)(6), and "[a]ny interest in property that the estate acquires after the commencement of the case." § 541(a)(7).

Third, as noted by the district court, after a trustee in bankruptcy abandons property of the estate under Fed. R. Bankr. P. 6007, that abandonment divests the estate of all interest in the abandoned property. *Dice v. Pummill (In re Dice)*, No. 04-359-CV-W-DW (W.D. Mo. July 8, 2004) (citing 5 *Collier on Bankruptcy* ¶ 554.02[3] (15th ed. 2004). Generally, "when property of the bankrupt is abandoned, the title 'reverts to the bankrupt, *nunc pro tunc*, so that he is treated as having owned it continuously.'" *Morlan v. Universal Guaranty Life Insurance Co.*, 298 F.3d 609, 617 (7th Cir. 2002) (quoting *Wallace v. Lawrence Warehouse Co.*, 338 F.2d 392, 394 n. 1 (9th Cir. 1964)), *cert denied*, 537 U.S. 1160; 123 S. Ct. 968; 154 L. Ed. 2d 893 (2003); *Dewsnup v. Timm (In re Dewsnup)*, 908 F.2d 588, 590 (10th Cir. 1990) (noting that "[p]roperty abandoned under this section ceases to be part of the estate" and "reverts to the debtor and stands as if no bankruptcy petition was filed," meaning that "whoever had the possessory right to the property at the filing of the bankruptcy

again acquires that right."), *aff'd* 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992).

The fourth phase, at issue here, is the status of property *proceeds* that accrue after a debtor files a petition in bankruptcy and before a trustee acts to abandon that property.

The Debtor's argument that the rents from the property of the estate were abandoned by the Trustee when the Trustee abandoned the underlying real property is a *non sequitur*. Rents received in the interim period – while the rental properties were part of the bankruptcy estate – also became property of the bankruptcy estate under the plain language of 11 U.S.C. § 541(a)(6) and (7). Rents are not real property imbued with the same characteristics of the immovable from which they were derived; rather, rents derived from real property assets of the bankruptcy estate are not themselves immovables, the taking of which would diminish the substance of the realty, but they are corporal movables – at least by anticipation – the civil fruits of which belong to the owner. In this case, the rents that accrued during the period that the Debtor's rental units were property of the estate belong to the estate and the rents, unlike the real property, were not abandoned by the Trustee. Accordingly, the Debtor is still subject to liability on the Trustee's motion to compel turnover of the rents that accrued between the date of the filing of the petition and the date that the Trustee abandoned the real property back to the Debtor.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 23rd day of September 2004.

/s/ Jerry W. Venters  
HONORABLE JERRY W. VENTERS  
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was served
electronically or conventionally to:
Bruce E. Strauss
Robert A. Pummill
Gary W. Smith